UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
VILMA AGUILERA, on behalf of herself and all other
persons similarly situated,

                              Plaintiff,                               **COMPLAINT**

    -against-

GOLF GEAR, LTD. d/b/a CLUB PRO
MANUFACTURING USA, LTD and STEPHEN TYRER,
                                                                *Collective and Class Action*

                              Defendants.
------------------------------------------------------------------------X

       Plaintiff, VILMA AGUILERA ("Plaintiff"), on behalf of herself and all other persons similarly situated, by and through her attorneys, the Romero Law Group PLLC, complaining of the Defendants, GOLF GEAR, LTD. d/b/a CLUB PRO MANUFACTURING USA, LTD and STEPHEN TYRER ("Defendants"), alleges as follows:

## NATURE OF THE ACTION

       1.     Plaintiff brings this action against Defendants on behalf of herself and all other persons similarly situated to recover statutory damages for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL"). Plaintiff seeks unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b), and other applicable federal law.

       2.     Plaintiff also brings this action against Defendants on behalf of herself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to recover statutory damages for failure to timely pay wages in violation of NYLL § 191. Plaintiff seeks

1

injunctive and declaratory relief, liquidated damages, attorneys' fees and costs of this action and other appropriate relief pursuant to New York Labor Law § 198.

3. Managers and others with executive positions, who are paid fixed salaries, are not members of the class that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## PARTIES

6. At all times relevant, Defendant GOLF GEAR, LTD. d/b/a CLUB PRO MANUFACTURING USA, LTD is a domestic business corporation with a principal place of business located at 10 Lucon Drive, Deer Park New York 11729.

7. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA and NYLL and was a "manual worker" within the meaning of New York Labor Law § 190(4).

8. At all times relevant, Defendant is/was an "employer" within the meaning of the FLSA and NYLL.

9. At all times relevant, Defendant is/was an "employer" within the meaning of the FLSA. Defendant's annual revenue exceeds $500,000, and Defendant is engaged in interstate commerce within the meaning of the FLSA and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Defendant's employees used tools, equipment and other materials which originated in other states.

10. Defendant, STEPHEN TYRER, is an owner and/or officer of GOLF GEAR, LTD., has authority to make payroll and personnel decisions for the corporation, and is active in the day-to-day management of the corporation, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) hours each week.

12. Upon information and belief, there are other current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests, as well as her own interest, in bringing this action.

13. Plaintiff seeks to proceed as a Collective Action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b) on behalf of herself and all persons who are currently, or have been employed by the Defendant in production, packaging, shipping and receiving during the three (3) years prior to the filing of their respective consent forms.

14. Other persons similarly situated to Plaintiff who are currently or were formerly employed by Defendant should have the opportunity to have their claims for violation of the FLSA heard. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who has been unlawfully deprived of overtime pay in violation of the

3

FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

15. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK LABOR LAW

16. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under Fed. R. Civ. P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in production, packaging, shipping and receiving in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

17. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 40 Class Members who have worked for Defendant in production, packaging, shipping and receiving positions in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

18. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that

number rests are presently within the sole control of Defendant, upon information and belief, there are more than 40 individuals who are currently, or have been, employed by Defendant in production, packaging, shipping and receiving in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.

19.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law § 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

20.     Plaintiff's claims are typical of the claims of the Class that she seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

21.     All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Additionally, Defendant's violations of the New York Labor Law § 191 by failing to timely pay wages earned caused Plaintiff and other Class Members to suffer the same or similar harms. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

23. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

24. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

25. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

26. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

27. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FACTUAL ALLEGATIONS

28. Defendant is engaged in the manufacture of fabric and textiles.

29. Plaintiff was employed by Defendant as an hourly-paid, non-exempt assembly worker from September 2017 to June 2023.

30. Plaintiff regularly worked more than 40 hours per workweek. Plaintiff regularly worked Monday through Friday from 8:30 a.m. to 6:30 p.m. and sometimes Saturdays from 8:30 a.m. to 4:30 p.m.

31. Defendant failed to pay Plaintiff for all hours worked in excess of 40 hours per week at the rate of one and one-half times her regular rate of pay. Instead, Defendant only paid Plaintiff her regular rate of pay for all hours worked, including those hours worked after 40 hours per workweek.

32. During Plaintiff's employment with Defendant, over twenty-five percent of her work time was spent performing physical tasks including, but not limited to, bending, lifting, carrying, pushing, pulling and standing for extended periods of time.

33. Plaintiff was a "manual worker" within the meaning of NYLL § 190(4) and was required to be paid her wages weekly pursuant to NYLL § 191.

34. Defendant paid Plaintiff's wages on a bi-weekly basis pursuant to its company-wide payroll policy in violation of NYLL § 191.

35. Defendant was required to pay Plaintiff weekly and no later than seven days after the end of the workweek in which the wages were earned in accordance with NYLL § 191.

36. Plaintiff brings this action on behalf of herself and current and former employees of Defendant who worked in the State of New York in production, packaging, shipping and receiving who did not receive their wages within seven days after the end of the workweek in which the wages were earned.

37. Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

38. Each time that Plaintiff and Class Members received late compensation for the work that they performed, Defendant underpaid them for the work that they performed.

39. Each time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money that belonged to them. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy.

40. By Defendant's failure to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and Class Members lost the time value of money.

41. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff and Class Members. For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, pay rent or mortgages on its facilities and retail stores, pay installment payments and purchase fuel for its company-

owned vehicles, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

42. Defendant's failure to timely pay wages earned caused Plaintiff and Class Members to suffer the same or similar harm.

43. Plaintiff regularly worked a workday that was longer than 10 hours from its start to its finish and was paid at the statutory minimum wage rate.

44. Defendant was required to pay Plaintiff "spread-of-hours" pay, *i.e.*, one additional hour's pay at the minimum rate, each time that she worked a workday that was longer than 10 hours, but it failed to do so.

45. Defendant failed to provide Plaintiff upon hire with a notice of her pay rate and other information required by NYLL § 195(1).

46. Defendant failed to provide Plaintiff with an accurate statement of her wages each pay period as required by NYLL § 195(3).

***Discrimination on the Basis of Pregnancy and Disability***

47. In 2022, Plaintiff became pregnant and required time off from work due to the high-risk nature of her pregnancy.

48. Defendant was aware of Plaintiff's disability and pregnancy, as well as her need for reasonable accommodation in the form of reasonable time off from work to seek medical treatment.

49. Following a period of convalescence after the birth of her child, Plaintiff sought to return to work with Defendant. Defendant, however, refused to permit Plaintiff to return to work.

50. In June 2023, Defendant informed Plaintiff that her employment was terminated.

51. Defendant terminated Plaintiff's employment because of her high risk pregnancy and need for reasonable accommodation in violation of the New York State Human Rights Law ("NYSHLR").

52. As a proximate result of Defendant's discrimination, Plaintiff has suffered loss of employment, loss of income, emotional pain and mental anguish.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT**

53. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

54. Defendant employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

55. As a result of Defendant's unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK LABOR LAW: OVERTIME WAGES**

56. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendant employed Plaintiff and Class Members for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff and Class Members for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the regular hourly rate in violation of NYLL.

58. By Defendant's failure to pay Plaintiff and Class Members overtime wages for hours worked in excess of 40 hours per week, Defendants willfully violated NYLL Article 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

59. Due to Defendant's violations of the NYLL, Plaintiff and Class Members are entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CLAIM FOR RELIEF
### FREQUENCY OF PAYMENT VIOLATION

60. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Plaintiff and Class Members were manual workers within the meaning of NYLL § 190(4).

62. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of New York Labor Law § 191.

63. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

### FOURTH CLAIM FOR RELIEF
### NEW YORK LABOR LAW: SPREAD OF HOURS

64. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants willfully failed to pay Plaintiff one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

66. Plaintiff and Class Members are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

67. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

68. Defendant failed to provide Plaintiff and Class Members upon hire with written notice in their native language setting forth their rate of pay and other information required by New York Labor Law § 195(1).

69. Plaintiff and Class Members are entitled to recover statutory damages from Defendants pursuant to New York Labor Law § 198.

## SIXTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

70. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants failed to furnish Plaintiff and Class Members with an accurate statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law § 195(3).

72. Plaintiff and Class Members are entitled to recover statutory damages from Defendants pursuant to New York Labor Law § 198.

## SEVENTH CLAIM FOR RELIEF
## NEW YORK EXECUTIVE LAW

73. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

74. Defendant discriminated against Plaintiff in the terms and conditions of her employment because of disability and pregnancy.

75. Defendant terminated Plaintiff's employment because of her disability and pregnancy.

76. Plaintiff is entitled to back pay, compensatory damages for emotional pain, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i) Certification of a Collective Action pursuant to 29 U.S.C. § 216(b);

(ii) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

(iii) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(iv) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(v) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the New York Labor Law;

(vi) Unpaid overtime wages under the New York Labor Law, plus liquidated damages and pre- and post-Judgment interest;

(vii) Damages pursuant to New York State Labor Law § 198(1-a);

(viii) Compensatory damages under the New York State Human Rights Law;

(ix) All attorneys' fees and costs incurred in prosecuting these claims; and

(x) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
      September 19, 2023

ROMERO LAW GROUP PLLC

By:   */s/ Peter A. Romero, Esq.*
      _____
      Peter A. Romero, Esq.
      490 Wheeler Road, Suite 250
      Hauppauge, New York 11788
      (631) 257-5588
      Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Club Pro Manufacturing USA LTD, to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq. I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action. I hereby authorize the Law Office of Peter A. Romero to represent me in this case. [This has been read to me in Spanish.]

_vilma x_
vilma x (Sep 19, 2023 16:39 EDT)
Vilma Aguilera

9/19/23
Date